IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYEED MACKLIN, *individually and on behalf of those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ONCOLOGIC HOSPITAL d/b/a FOX CHASE CANCER CENTER, <br><br> Defendant. | No.: 2:24-CV-02215-MSG |

## NAMED PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF RENEWED MOTION TO REMAND

### I. INTRODUCTION

Plaintiff Syeed Macklin ("Plaintiff") submits this reply brief in further support of his motion to remand. Herein, Plaintiff addresses **only** Defendant American Oncologic Hospital d/b/a Fox Chase Cancer Center's ("AOH" or "Defendant") argument that the evidence submitted by Plaintiff is not sufficient to establish that at least two-thirds of the putative class members are citizens of Pennsylvania for purposes of CAFA's home state exception.

As explained in detail herein, AOH incorrectly states both the facts and the law regarding this issue. Specifically, as to the facts, the evidence submitted by Plaintiff is not mere "mailing addresses," as Defendant mischaracterizes it, but rather the states of **permanent** residence. Moreover, AOH ignores the other important established fact before the Court—every putative class member worked for AOH at one of its locations in Pennsylvania. As to the law, AOH erroneously applies case law developed in the context of diversity jurisdiction, where the presumption against jurisdiction outweighs the presumption that a person's state of residence is their state of citizenship, to the CAFA exception context.

1

For these reasons and those explained in detail below and Plaintiff's initial brief, this Court should grant Plaintiff's renewed motion and remand this action to state court.

**II.     ARGUMENT**

**A. Defendant Maintained and Produced Records of Employees' States of *Permanent* Residence**

Defendant is mistaken about what records it produced during the limited discovery the Court ordered on the issue of whether two-thirds of more of the putative classes are citizens of Pennsylvania. Defendant expressly agreed that it would produce a spreadsheet providing the "states of residence" (hereinafter "Record of Residences") using the same information that Defendant relied on when it stated, in the Notice of Removal, that Karen Mortimer "maintains her **permanent** residence in New Jersey." *See* Correspondence between Parties, attached hereto as Exhibit A of Miller Declaration; ECF Doc. 1, Notice of Removal, at ¶ 21 (emphasis added). Accordingly, Defendant's characterization of the records as mere mailing addresses that "do not even establish that the individuals reside in Pennsylvania," Opp. at 14, should be rejected.

As the evidence before the Court provides the putative class members' *permanent* states of residence, not just a state of residence, the Record of Residences satisfies both requirements for demonstrating domicile, physical presence and intent to remain indefinitely. *See Jones v. EEG, Inc.*, 2016 WL 1572901, at *2 (E.D. Pa. Apr. 18, 2016) (holding domicile requires both "an objective physical presence in the state" and "subjective intention to remain there indefinitely."). Despite being afforded the opportunity, Defendant has produced no evidence to undermine the records it keeps of its employees' states of permanent residence.

Accordingly, Plaintiff has met his burden of showing that at least two-thirds of the putative class members are citizens of Pennsylvania.

**B. Even if the Record of Residences Showed Only States of Residence Rather than Permanent States of Residence, Plaintiff Has Met His Burden By a Preponderance of the Evidence**

Even if this Court finds that, despite Defendant's representation in its Notice of Removal, that Defendant produced only individuals' states of residence rather than their permanent states of residence, the evidence is still sufficient to meet Plaintiff's burden especially considering it is undisputed that every putative class member **worked for AOH in Pennsylvania**.

Factual proffers in the context of CAFA are reviewed under the "preponderance of the evidence" standard. *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp.2d 506, 514 (E.D. Pa. 2007) (citing *Samuel-Bassett v. KIA Motors America, Inc*., 357 F.3d 392, 398 (3d Cir. 2004)). The preponderance of the evidence standard is met if the fact-finder concludes, "after considering all the evidence, that a claim or fact is more likely so than not so[.]" Third Circuit Model Civil Jury Instructions, § 1.10. "To say it differently: if you were to put the evidence favorable to [plaintiff] and the evidence favorable to [defendant] on opposite sides of the scales, [the party invoking a statutory exception to jurisdiction] would have to make the scales tip somewhat on [its] side." *Id*.

"Residence" refers to a person's place of habitation or address. *See, e.g., Reckling v. McKinstry*, 185 F. 842 (C.C.S.C. 1911) (citation omitted); *Webb v. Nolan*, 361 F. Supp. 418 (M.D.N.C. 1972), *aff'd* 484 F.2d 1049 (4th Cir. 1973), *cert. denied* 415 U.S. 903 (1974). "Where one lives is **prima facie evidence** of domicile[.]" *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (emphasis added). "Although evidence of residence is insufficient to prove domicile, the place where an individual lives **creates a rebuttable presumption of domicile**." *Anthony*, 535 F. Supp.2d at 515 (emphasis added); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 395 (6th Cir. 2016) (applying "long-standing presumption of domicile based on residency" in the CAFA exception context); *Ellis v. Montgomery Cty.*, 267 F. Supp. 3d 510, 519 (E.D. Pa. 2017)

(citing *Krasnov*, 465 F.2d at 1300). Likewise, the Supreme Court has held that "[t]he place where a man lives is properly taken to be his domicile **until facts adduced establish the contrary**." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (emphasis added).

In arguing that state of residence is insufficient to establish citizenship, AOH relies on the Third Circuit's decision in *Krasnov*, which found that "[w]here one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity." 465 F.2d at 1300. AOH and the other cases it cites, which also rely on *Krasnov*, focus on the "is insufficient" language but ignore the remainder of the sentence: "for purposes of diversity." *See* Opp. at 13-14. The reason the Third Circuit included this qualifying language is that "the long-standing residency-domicile presumption conflicts with [and yields to] the presumption against federal diversity jurisdiction." *Ellis*, 267 F. Supp. 3d at 518 (citing *Robertson v. Cease*, 97 U.S. 646, 649 (1878)). As the instant matter involves application of a CAFA exception and not diversity jurisdiction, the portion of *Krasnov* that found residency in a state insufficient is not applicable here.

AOH's citation to the legislative history of CAFA in arguing that "Congress intended the exceptions to be narrow, with all doubts resolved in favor of exercising jurisdiction over the case," *see* Opp. at 12, does not make up the lost ground. The Supreme Court has repeatedly "made clear that statutory exceptions are to be read fairly, not narrowly." *See, e.g.*, *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019). Statutory "exemptions are as much a part of [a statute's] purposes and policies as" the rest of a statute's provisions. *Food Mktg. Inst.*, 139 S. Ct. at 2366 (refusing to constrict a FOIA exemption to further FOIA's purpose "by adding limitations found nowhere in its terms"). Not to mention, such a reading conflicts with other portions of CAFA's legislative history that suggest that the citizenship inquiry "should be made largely on the basis of readily available information." S. Rep. No. 109-14, at 44 (2005). This apparent preference

4

for a practical and reasonable inquiry has been endorsed by "circuits that have cast doubt on the residency-domicile presumption." *Ellis*, 267 F. Supp. 3d at 519 (quoting *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 484 F.3d 804, 816 (5th Cir. 2007).

Furthermore, this preference a practical and reasonable inquiry is at odds with the extensive discovery AOH appears to think is necessary, *see* Opp. 13 (listing "exercise of political rights, payment of personal taxes, place of business, location of brokerage and bank accounts, location of spouse and family, memberships in union and other organizations, and driver's license an vehicle" as factors to be considered), as well as with what this Court appears to have considered reasonable given its allowance of twenty-seven (27) days for taking the discovery. *See* ECF Doc. 27.

The evidence before the Court meets the burden of showing that it is more likely than not that at least two-thirds of the putative class are citizens of Pennsylvania even if the Court finds that the Record of Residences shows only states of residence rather than permanent states of residence. As explained in Plaintiff's initial brief, the Record of Residences shows that 94% of the putative class members were residents of Pennsylvania during their employment with AOH within the period from March 1, 2021 through the time at which AOH pulled the Record of Residences in January 2025. As only individuals who worked in Pennsylvania are included in the putative classes, AOH employed 100% of the putative class in Pennsylvania. *See Schwartz v. Comcast Corp.*, 2006 U.S. Dist. LEXIS 7499, at *17 (E.D. Pa. 2006) (listing place of employment among other nonconclusive factors for purpose of determining a person's domicile).

AOH has presented no evidence to rebut this prima facie evidence of Pennsylvania citizenship for the vast majority of the putative classes. AOH's speculation that some individuals may have moved out of Pennsylvania during the aforementioned period does not come close to tilting the scales toward it being more likely than not that *fewer* than two-thirds of the class are

citizens of Pennsylvania. As there are 1,292 class members residing in Pennsylvania according to the Record of Residences, 379 of them would have had to move out of Pennsylvania during the March 2021 to January 2025 period to bring the proportion below the two-thirds threshold.

Accordingly, even if this Court finds that the Record of Residences does not provide permanent states of residence, it should hold that Plaintiff has met his burden to show that it is more likely than not that two-thirds of the putative class members are citizens of Pennsylvania.

### III.   CONCLUSION

For the foregoing reasons, and those previously provided in Plaintiff's initial brief, Plaintiff respectfully requests that this Honorable Court grant his renewed motion and remand this matter to the Pennsylvania Court of Common Pleas for Philadelphia County.

Respectfully Submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
Tel: (856) 685-7420
Fax: (856) 685-7417
mmiller@swartz-legal.com

Attorney for Plaintiff

Dated: March 13, 2025