IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYEED MACKLIN, *individually and on behalf of those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ONCOLOGIC HOSPITAL d/b/a/ FOX CHASE CANCER CENTER, <br><br> Defendant. | Case No.: 2:24-CV-02215 |

**DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO REMAND**

Defendant, American Oncologic Hospital d/b/a/ Fox Chase Cancer Center ("AOH"), by and through its undersigned counsel, respectfully submits this Sur-Reply in Further Opposition to Plaintiff's Renewed Motion to Remand.

**I.   INTRODUCTION**

Plaintiff falls short in his effort to have the Court to rely solely on employees' self-reported addresses to establish employee citizenship for purposes of the CAFA's[1] home state exception.  The arguments set forth in his Reply do not salvage his flawed Motion.

First, Plaintiff's entire legal argument hinges on an aberrant district court decision that departs from the well-established majority view regarding the evidence necessary to satisfy the requirements of the home state exception.  That decision is directly at odds with volumes of case law across the country holding that residency *does not* establish domicile or citizenship, and the Court should follow the weight of authority rather than a divergent, minority decision.

---

[1] Capitalized terms herein have the same meaning as in Defendant's Response in Opposition to Plaintiff's Renewed Motion to Remand.  (ECF No. 31.)

Second, Plaintiff erroneously maintains that the evidence AOH agreed to provide during jurisdictional discovery in this matter – employees' last known mailing addresses as they reported them to AOH during their employment – must be sufficient to establish the citizenship of *all 1,272* employees in the putative class because AOH relied on the same information to *plead* in its Notice of Removal that *one* employee permanently resides in New Jersey. Plaintiff fails to acknowledge that, unlike a Notice of Removal, Plaintiff's burden on a Motion to Remand is to prove, not merely assert or plead, employee citizenship. The mailing addresses that Plaintiff obtained in discovery do not necessarily reflect states of domicile or citizenship as of the time he filed his Complaint and, therefore, Plaintiff has not met his burden.

For the foregoing reasons, as well as those set forth in AOH's Response in Opposition to Plaintiff's Renewed Motion to Remand (ECF No. 31), and as further explained herein, the Court should deny Plaintiff's Motion in its entirety.

**II.    ARGUMENT**

**A.    The Evidence On Which Plaintiff Relies Reflects Only Self-Reported Mailing Addresses And Does Not Establish Domicile Or Citizenship**

Because Plaintiff has not directed the Court to any evidence other than employees' mailing addresses, as they reported them to AOH, in his effort to establish that two thirds of the putative class members are Pennsylvania citizens, he has not met the requirements of the home state exception. His Renewed Motion to Remand therefore fails as a matter of law.

Federal courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Abstention from the exercise of legislatively conferred jurisdiction is an "extraordinary and narrow exception" to the Court's duty in this regard. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

In accordance with these principles, the vast majority of Circuit Courts of Appeal across the country have held that mere residency in a state, without further evidence showing an intention to remain there indefinitely, is *not* sufficient to establish that a court should abstain from exercising jurisdiction under the home state exception.  See *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 741 (10th Cir. 2018) (rejecting the "applicability of a rebuttable presumption of citizenship in the context of a CAFA exception invoked based on the mere allegation of residence"); *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265-66 (8th Cir. 2015) (rejecting plaintiff's assertion, extrapolated from last-known addresses and affidavits, that more than two-thirds of putative class members were Missouri citizens); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("That a [class member] may have a residential address in California does not mean that person is a citizen of California."); *In re Sprint Nextel Corp.*, 593 F.3d 669, 675 (7th Cir. 2010) ("[A] court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses."); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 800 (5th Cir. 2007) (rejecting use of patients' hospital billing addresses to establish Louisiana citizenship); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1166 (11th Cir. 2006) (rejecting plaintiff's argument "that if 93.8% of the known plaintiffs are Alabama residents, then surely two-thirds of the entire plaintiff class are Alabama citizens").  The Court should follow this well-established majority approach and reject Plaintiff's attempt to rely on bare assertions and inferences as a way to establish citizenship for purposes of the CAFA's home state exception.

Urging this Court to diverge from the majority view, Plaintiff relies almost exclusively on a single, non-binding district court decision, *Ellis v. Montgomery County*, 267 F. Supp. 3d 510, 516 (E.D. Pa. 2017), which he says permits the Court to ignore the distinction between residence

and domicile for purposes of the home state doctrine. (ECF No. 32-1 at 4-5.) Plaintiff is incorrect. In a preceding decision, *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972), the Third Circuit held, in relevant part, that "mere residency in a state is insufficient for purposes of diversity" and "[t]he fact of residency must be coupled with a finding of intent to remain indefinitely." *Ellis* attempted to distinguish *Krasnov* and suggested that *Krasnov* applies only to ordinary diversity jurisdiction under § 1332(a) and not to the CAFA home state exception. *Ellis*, 267 F. Supp. 3d at 518.

In so doing, *Ellis* reached a questionable result, as well as created a conspicuous outlier among the many contrary federal decisions. First, numerous district courts within the Third Circuit have reached conclusions directly opposite to *Ellis* and have relied on *Krasnov* for the proposition that residence and domicile are not equivalent for purposes of the CAFA's home state doctrine. *See, e.g.*, *Jones v. EEG, Inc.*, No. CV 15-5018, 2016 WL 1572901, at *2 (E.D. Pa. Apr. 18, 2016) (holding, in analyzing plaintiff's argument for home state exception, that "[r]esidency does not equal domicile") (citing *Krasnov*, 465 F.2d at 1300); *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007) (observing, in analyzing plaintiff's argument for home state exception, "[t]he Third Circuit has long held that bare allegations of residence are not sufficient for purposes of establishing citizenship") (quoting *Schwartz v. Comcast Corp.*, No. CIV.A. 05-2340, 2006 WL 487915, at *3 (E.D. Pa. Feb. 28, 2006) and citing *Krasnov*, 465 F.2d at 1300) (internal quotation marks omitted); *Schwartz*, 2006 WL 487915, at *6 (citing *Krasnov*, 465 F.2d at 1300) (noting that "each of [plaintiff's] arguments is premised on the assumption that residence is an effective proxy for domicile" and concluding, "I decline to draw such a parallel"). Second, as Plaintiff neglects to mention, "**all but one** of the circuits to have addressed the issue have held that *the domicile-residency difference **matters*** in

4

the CAFA context," as well as for purposes of diversity jurisdiction under § 1332(a), rendering *Ellis* an aberration. *Hughes v. Nationwide Bank*, 387 F. Supp. 3d 612, 615 n.1 (W.D. Pa. 2019) (emphasis added) (citing *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 397-98 (6th Cir. 2016) (Kethledge, J., dissenting) and *Nichols*, 718 F. App'x at 741). Because *Ellis* is an anomalous decision, out of step with the overwhelming majority view, it does not support Plaintiff's deficient attempt to establish citizenship through mailing addresses or mere residency. The Court should follow the nearly unanimous judicial consensus and reject Plaintiff's flawed alternative theory.

> **B.** **Plaintiff Improperly Conflates The "Permanent" Residence Of A Single Employee, As Alleged In AOH's Notice Of Removal, With The Legal Domiciles Of Nearly 1,300 Other Employees**

Plaintiff argues that his proffered evidence of self-reported employee residences is sufficient to invoke the home state exception because AOH "expressly agreed" to provide employees' "'states of residence' . . . using the same information that [it] relied on when it stated, in the Notice of Removal, that Karen Mortimer 'maintains her permanent residence in New Jersey.'" (ECF No. 32-1 at 3 (quoting ECF No. 32-1 at 10 (emphasis removed).) Plaintiff is mistaken.

As reflected in the correspondence between counsel regarding this agreement, counsel for AOH represented only that the records it provided would contain other AOH "employees' states of residence, *as they have reported them to AOH*." (*Id.* at 10 (emphasis added).) AOH did not – nor could it – state that all the self-reported employee residences were "permanent" ones. Plaintiff improperly concludes that these mailing addresses, without more, "satisf[y] both requirements for demonstrating domicile, physical presence and intent to remain indefinitely" as to *each* of the *1,272* employees in the putative class. (*Id.* at 3.)

Next, Plaintiff erroneously argues that AOH's Notice of Removal authorizes his use of mailing addresses. Again, Plaintiff is incorrect. A defendant is not required to submit proof of citizenship at the removal stage and may rely on mere allegations. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (U.S. 2014). To support remand, however, a plaintiff must submit proof of citizenship. *Jones*, 2016 WL 1572901, at *2 ("It is the plaintiff's burden to establish the citizenship of the class members under either [CAFA] exception.") (citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153-54 (3d Cir. 2009)). Plaintiff impermissibly attempts to conflate these standards. The fact that AOH *pleaded* in its Notice Removal that *one* employee, Karen Mortimer, maintains her permanent residence in New Jersey, does not *prove* that *nearly 1,300* other employees were *domiciled* in Pennsylvania as of the date when he filed the Complaint. (ECF No. 31 at 15.)

Finally, even if residence were equivalent to domicile (which it is not), employees' self-reported states of residence at a given time do not necessarily suffice to establish domicile *at the relevant time*. As this Court has observed, "[i]ndividual employees may retire and move away. Employees may change jobs and move to another State or country." *Anthony*, 535 F. Supp. 2d at 517. The fact that an employee who worked for AOH during some segment of a three-year period reported living in Pennsylvania at one time does not mean that person was domiciled in Pennsylvania when Plaintiff filed his Complaint in March 2024. *See Dicuio v. Brother Int'l Corp.*, No. CIV.A. 11-1447 FLW, 2011 WL 5557528, at *5 (D.N.J. Nov. 15, 2011) (noting that "because the proposed class includes all purchasers since 2005, those who were New Jersey residents several years ago in 2005, 2006, and 2007, may have since relocated and become citizens of other states"). Therefore, even to the extent that self-reported employee residency is

evidence of employee domiciles as of some point dating back to March *2021*, they do not constitute such evidence as of March *2024*.[2]

### III. CONCLUSION

Plaintiff's legal argument for remand under the home state exception is based on a single decision of a district court that conflicts with the decisive weight of authority regarding the evidence a party must present to meet the citizenship requirements of that exception. Further, the evidence itself does not prove citizenship, instead reflecting only the states included in self-reported employee mailing addresses that may not even have been the employees' states of residence at the relevant time, let alone their states of domicile or citizenship. Accordingly, AOH respectfully requests that the Court deny Plaintiff's Motion and decline to abstain from exercising jurisdiction over this matter pursuant to the CAFA.

**Dated: April 4, 2025**                    Respectfully submitted,

                              AMERICAN ONCOLOGIC HOSPITAL D/B/A/
                              FOX CHASE CANCER CENTER

                              By:  /s/ *Gerald L. Maatman, Jr.*
                                      One of its Attorneys

Gerald L. Maatman, Jr. (admitted *pro hac vice*)
Jennifer A. Riley (admitted *pro hac vice*)
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603

Adam D. Brown
DUANE MORRIS LLP
30 South 17th Street

---

[2] Plaintiff observes that, for employee relocation to alter the two-thirds calculus, "379 of them would have had to move out of Pennsylvania during the March 2021 to January 2025 period" (ECF No. 32-1 at 7), but he offers no reasoning as to why this could not occur, let alone evidence that it did not occur.

Philadelphia, PA  19103

*Attorneys for Defendant,*
*American Oncologic Hospital d/b/a/ Fox Chase Cancer Center*

## **CERTIFICATE OF SERVICE**

I, Gerald L. Maatman, Jr., hereby certify that a true and correct copy of the foregoing Sur-Reply In Further Opposition to Plaintiff's Renewed Motion to Remand has been filed, and the same are available for viewing and downloading from the ECF System by the following counsel of record:

Matthew D. Miller
mmiller@swartz-legal.com
Richard S. Swartz
rswartz@swartz-legal.com
Justin L. Swindler
jswidler@swartz-legal.com
Swartz Swidler LLC
9 Tanner Street, Suite 101
Haddonfield, NJ 08033

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.