IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYEED MACKLIN, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ONCOLOGIC HOSPITAL d/b/a FOX CHASE CANCER CENTER,<br><br>Defendant. | CIVIL ACTION<br><br>No. 24-2215 |

## ORDER

**AND NOW**, this 27th day of August, 2025, upon consideration of Plaintiff's renewed Motion to Remand, Defendant's Response in Opposition, and the Parties' Reply briefs, I find as follows:

## I.     BACKGROUND

1.     Named Plaintiff Syeed Macklin brings this purported class action against Defendant Fox Chase Cancer Center alleging overtime computation violations of Pennsylvania wage laws.

2.     On February 28, 2024, Plaintiff initiated this action in the Philadelphia Common Pleas Court.  On May 23, 2024, Defendant removed to this Court.  On August 14, 2024, Plaintiff moved to remand pursuant to 28 U.S.C. § 1332(d)(4)(B).  (ECF No. 20.)  Section 1332(d)(4)(B) describes the Class Action Fairness Act's home state exception, which calls for remand where the Defendant is a citizen of the removal forum and greater than two-thirds of the putative class members are citizens of the same.   On January 3, 2025, I denied without prejudice Plaintiff's Motion and ordered the Parties to complete jurisdictional discovery on the home state exception issue.  (ECF No. 27.)

3.     On February 14, 2025, after discovery was completed, Plaintiff renewed his Motion to Remand.  (ECF No. 28.)  Attached to his Motion was a spreadsheet, purporting to show the states of

residence of some 1,292 class members.  (ECF No. 28-4.)  The spreadsheet lists two data points: an employee identification number and a state:

| Employee Identifier | Mailing Address (State) |
|---|---|
| 33333510 | PA |

(Id.)

4.    In addition, Plaintiff provided two declarations, including one from Martin Lepold, the Director of Human Resources Information System Processing for Temple University Health Systems, of which Defendant is "an affiliate."  (ECF No. 28-3.)  Lepold avers that he "retrieved mailing addresses . . . for hourly, non-exempt AOH[] employees during the period March 1, 2021, through the present" and that the spreadsheet was "provided by [Defendant] to Plaintiff . . . [and] lists the states reflected in those mailing addresses."  (Id.)  The declarations and spreadsheet represent Plaintiff's only evidence of residency.  Plaintiff urges that together, this evidence shows that 94% of the putative class members are citizens of Pennsylvania.  (ECF No. 28-1 at 3.)

## II.    DISCUSSION

5.    Plaintiff moves to remand based on the CAFA home state exception.  The Parties dispute whether: (1) Plaintiff's attempt to remand based on the home-state exception is barred by the 30-day remand time-limit set by 28 U.S.C. § 1447 and (2) whether Plaintiff has met his burden of proving that two-thirds of the purported class are residents of Pennsylvania.  Because I find Plaintiff has failed to meet his burden on the second point, I need not consider whether his attempt to remand was procedurally proper.

6.    Under CAFA's home state exception (at issue here), "a district court shall decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332 (d)(4)(B).  The "burden of proof to establish the home state controversy exception is on the party seeking to invoke the exception."  Anthony v.

Small Tube Mfg. Corp., 535 F. Supp. 2d 506, 513 (E.D. Pa. 2007).  By invoking the exception, Plaintiff must "must prove the following by a preponderance of the evidence:"

> (1) the party must establish that the citizenship of the members of two-thirds or more of the plaintiff class is the State from which the action was removed; (2) the party must identify the primary defendants; (3) the party must establish the citizenship of those primary defendants; and (4) the party must demonstrate that two-thirds or more of the members of the plaintiff class are citizens of the same state as the primary defendants.

Id. at 514-15.  Thus, it is Plaintiff's burden to establish the "citizenship of the class members under [the] exception."  Jones v. EEG, Inc., No. 15-5018, 2016 WL 1572901, at *2 (E.D. Pa. Apr. 18, 2016).

7.      The Parties dispute what is needed to prove citizenship in the context of CAFA.  On the one hand, Defendant argues that Plaintiff must prove where each purported class member is *domiciled*.  (ECF No. 31 at 13.)  On the other, Plaintiff contends he need only provide *prima facie* and unrebutted evidence concerning each class member's *residence*.  (ECF No. 34 at 5.)  The difference between domicile and residence for purposes of the CAFA exception is the subject of an ongoing circuit split.

8.      As Defendant points out, mere proof of "[r]esidency does not equal domicile."  Jones, 2016 WL 1572901 at *3.  Indeed, courts have consistently explained that to invoke CAFA exceptions, a plaintiff must prove that the appropriate number of purported class members are "domiciled within [Pennsylvania]," by establishing "residence and intent to make the place of residence one's home."  Anthony, 535 F. Supp. 2d at 515 (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)); see also Jones, 2016 WL 1572901, at *2 (internal quotations and citations omitted) ("Domicile consists of two requirements: 1) an objective physical presence in the state or territory; and 2) subjective intention to remain there indefinitely.")  To determine an intent to remain, I examine other factors, including: "(1) voting registration and voting practices; 2) location of personal and real property; 3) location of brokerage and bank accounts; 4) membership in unions, fraternal organizations, churches, clubs, and other associations; 5) place of employment or business; driver's license and automobile

3

registration; and 6) payment of taxes." Jones, 2016 WL 1572901, at *2 (internal citations omitted). Courts in this circuit have refused to "draw . . . a parallel" between mere residency and domicile for purposes of CAFA. Id. (internal quotations and citations omitted).

9. In 2017, a court in this district, relying upon a Sixth Circuit holding, rejected the Jones approach. See Ellis v. Montgomery Cnty., 267 F. Supp. 3d 510, 519 (E.D. Pa. Jan. 27, 2017) (citing Mason v. Lockwood, Andrews & Newnam, P.C., 842 F.3d 383, 395 (6th Cir. 2016)). The Ellis Court held that "a class member's residency creates a rebuttable presumption of citizenship for the purposes of establishing the home state and local controversy exceptions to CAFA jurisdiction." Id. The Ellis Court also explained that the citizenship inquiry should be based on "practicality and reasonableness" focusing on "readily available information." Id. (internal quotations and citations omitted). That is, if the moving party has produced facts to support the fact that two-thirds of the putative class are local to the forum, the Court should apply the exception without consideration of whether those persons have the subjective intent to stay in the forum.

10. I note that the Third Circuit has not adopted Ellis's reasoning. Indeed, a majority of circuits to address the issue have rejected the notion that prima facie evidence of residency sufficiently demonstrates citizenship. See Reece v. AES Corp., 638 F. App'x 755, 769 (10th Cir. 2016) (requiring proof of domicile for remand based on home state exception rule); In re Sprint Nextel Corp., 593 F.3d 669, 674 (7th Cir. 2010) ("Ultimately, we agree with the majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses."); Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc., 485 F.3d 793, 802 (5th Cir. 2007) ("Despite the logistical challenges of offering reliable evidence at this preliminary jurisdictional stage, CAFA does not permit the courts to make a citizenship determination based on a record bare of any evidence showing class members' intent to be domiciled in Louisiana."); Nichols v. Chesapeake Operating, LLC, 718 F. App'x 736, 741 (10th Cir. 2018) ("We agree with the dissent in Mason, this court's non-precedential decision in Reece, and the other circuits that reject the

4

applicability of a rebuttable presumption of citizenship in the context of a CAFA exception invoked based on the mere allegation of residence."). Still, the Fourth Circuit recently adopted Mason's reasoning and held that "in evaluating the citizenship aspect of the local-controversy exception to CAFA, a district court does not err when it adopts a rebuttable presumption that evidence of residency demonstrates citizenship." Skyline Tower Painting, Inc. v. Goldberg, No. 24-141, 2025 WL 2177335, at *12 (4th Cir. Aug. 1, 2025).

11. In this case, I need not decide the differing precedent. That is so because even if I were to adopt the lower burden outlined in Ellis, Mason, and Goldberg, Plaintiff has not presented competent evidence of residency.

12. Plaintiff provides as proof of residency a spreadsheet which purports to contain the states of residence for every purported class member. (ECF No. 28-4.) The class members are listed by employee ID number and, next to that number, is a two-letter abbreviation for the state of residence. (See e.g., id. ("305386659 PA.").) The spreadsheet includes data, collected from the "mailing addresses" of both current and former employees from March 1, 2021 through January 24, 2025. (See ECF No. 28-3.) The spreadsheet does not indicate what percentage of class members have left Defendant's employ nor does it provide any indication of when they were last employed. Thus, "[b]ecause citizenship is determined at the time of filing, it is entirely plausible potential members of the class who were citizens of Pennsylvania at the time they [were employed], have since moved to another state or country with no intent to return." Jones, 2016 WL 1572901, at *5.

13. This is not a case where Plaintiff has presented proof of the purported class members' "principal residence . . . where the homeowner regularly resides." Cf. Goldberg, 2025 WL 21773335, at *13. Nor is it the case where Plaintiff provided the actual addresses of the purported class members. Cf. Ellis, 267 F. Supp. 3d at 512. Instead, and at most, Plaintiff's evidence allows a finding that at some point and at some time, employees who either are or were employed by Defendant maintained a mailing address in Pennsylvania.

5

14. Finally, I note that Plaintiff's proposed class definition is broad in a manner which undermines this remand attempt. Had Plaintiff "limit[ed] his class definition to include only Pennsylvania citizens [that fact] would undoubtedly warrant a remand." Jones, 2016 WL 1572901, at *4. Instead, Plaintiff's proposed class covers "all individuals presently or formerly employed by Defendant in Pennsylvania in non-exemption positions." (Compl. ¶ 7.) Thus, the scope of these claims are not limited to Pennsylvania citizens, but rather to persons—no matter where they lived—who worked in Pennsylvania.

15. Under these circumstances, I cannot find the Plaintiff has proven, by a preponderance of the evidence, that the purported class is made up of more than two-thirds of Pennsylvania citizens.

16. For the aforementioned reasons, I will deny Plaintiff's Motion to Remand.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**