IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYEED MACKLIN | : | |
| | : | CIVIL ACTION |
| v. | : | No. 24-2215 |
| | : | |
| AMERICAN ONCOLOGIC | : | |
| HOSPITAL, INC., d/b/a/ | : | |
| FOX CHASE CANCER CENTER | : | |

**McHUGH, J.**     **January 21, 2026**

### MEMORANDUM

Defendant American Oncologic Hospital (AOH) seeks leave to appeal the order[1] denying their partial Motion to Dismiss. At issue is my analysis of the overtime due on certain flat-rate bonuses under the Pennsylvania Minimum Wage Act (PMWA). Plaintiff Syeed Macklin opposes certification. Interlocutory appeals are inefficient and inherently cause delay, and the benefit must therefore outweigh the cost. Given the procedural posture of this case and the narrow scope of discovery necessary to reach the merits of the dispute, I am not persuaded that an interlocutory appeal would streamline its resolution. Defendant's Motion will therefore be denied.

**I.**     **Discussion**

28 U.S.C. § 1292(b) gives a district court discretion to certify non-final orders for immediate review by the court of appeals. A certified order must involve "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion *and* [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* (emphasis added). As the word "and" suggests, "all three factors must be satisfied

---

[1] ECF 50.

before a court may certify an order for interlocutory appeal." *Doe 1 v. United States*, No. CV 20-1947, 2021 WL 5969660, at *2 (E.D. Pa. Apr. 28, 2021) (DuBois, J.).

AOH argues that the PMWA overtime multiplier issue addressed in denying its motion to dismiss is a controlling question of law as to which there is substantial ground for disagreement. I acknowledged as much in denying the motion to dismiss. Macklin does not dispute that these factors favor certification.

But a novel and nuanced issue alone is not enough to make an order appealable. An interlocutory appeal should also make a case quicker or simpler to resolve in the district court. An appeal "materially advance[s] the ultimate termination of the litigation" if it would "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994). AOH concedes the first criterion does not apply, but argues the other two do, because in its view a reversal by the circuit would remove "a complex merits issue" and "streamline and reduce the time and cost of discovery substantially by eliminating a large potential subclass." Def.'s Br., ECF 52, at 11.

But Macklin's counter arguments carry more weight. First, the "complex merits issue" would not be decided by a jury but presents an issue of law that for all practical purposes was resolved in the Memorandum Opinion denying the motion to dismiss. *See* ECF 49. Second, Macklin raises two distinct claims, only one of which involves a novel legal issue, and the discovery as to both is virtually identical, involving production of AOH's wage and hour-related records. *See* Pl.'s Response, ECF 53, at 4-5. In its reply brief, AOH strives to characterize the additional discovery as complex and burdensome, but its argument is not convincing. Whether the

issues are ultimately for the Court or the jury they are well-defined. The case cited by AOH as an example of one where certification is warranted was far more complex, involving eight different causes of action spread across the laws of three states and the United States Code. *See Johnson v. Nat'l Collegiate Athletic Ass'n*, No. 19-CV-5230, 2021 WL 6125095 (E.D. Pa. Dec 28, 2021). Eliminating the PMWA bonus issue does not save the parties or the factfinder much time or effort.

And any benefit must offset the cost. The Third Circuit is not bound to accept the case for appeal at all. If they were to accept it, their *de novo* review would necessarily add substantial time to this case, as I either stay the proceedings until the Circuit's decision, as AOH requests, or else proceed with discovery on the other claim. Considering there may be an appeal after any final order in this case regardless, this appears to be a time when "[t]he potential savings in time and expense [of an interlocutory appeal] . . . do not outweigh the problems, including delay and the possibility of multiple appeals, inherent in permitting an interlocutory appeal." *Muller v. Temura Shipping Co.*, 629 F. Supp. 1024, 1028 (E.D. Pa. 1986).

Both parties point to the Third Circuit's pending decision in *Reinig v. RBS Citizens, N.A.*, 3d Cir. No. 25-1076, as possibly affecting this case. *See* Def.'s Br., ECF 52, at 18; Pl.'s Response, ECF 53, at 6. AOH's position on *Reinig* is constantly shifting. In arguing the motion to dismiss, it cited *Reinig* as the main authority in its favor. *See, e.g.*, Def.'s Reply, Mo. to Dismiss, ECF 19, at 5 n.2, ("[*Reinig*'s most recent ruling] is clear and unequivocal that *Chevalier* does not and cannot have any application to the calculation of overtime amounts for hourly employees, even if they receive fixed amounts on top of their hourly wages"). In support of the motion to certify, AOH initially argued that *Reinig* "could dispose of Plaintiff's claims." Def.'s Br., ECF 52, at 18. In its reply, it shifts to arguing that "it is far from clear that *Reinig* will resolve the dispute between the parties." Def.'s Reply, ECF 55, at 7-8. In my view, the impact of *Reinig* is too speculative. It

3

may prove relevant because it involves the same language in the PMWA, but the case itself involves a significantly different pay structure. On balance, Macklin has the stronger argument that certification here could well prove pointless, as it is unlikely that the Circuit would prioritize a second review of the technical details of the same state statute.

Finally, uncertainty as to the legal issue does not necessarily frustrate settlement discussions, because the parties can pursue appeal of the legal issue with a negotiated result contingent upon how the Circuit rules.

## II.  Conclusion

For the reasons above, AOH's Motion to Certify the District Court's Order for Interlocutory Appeal is denied.  AOH's Motion to Stay the Proceedings is necessarily also denied. An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge
